# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TABBATHA JOHNSON**                                      **CIVIL ACTION**

**VERSUS**                                                         **NO. 20-414-SDD-RLB**

**ST. HELENA SCHOOL DISTRICT**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 22, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TABBATHA JOHNSON                                    CIVIL ACTION

VERSUS                                              NO. 20-414-SDD-RLB

ST. HELENA SCHOOL DISTRICT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Complaint (R. Doc. 1) filed against the St. Helena School District on June 26, 2020. Plaintiff, Tabbatha Johnson (Plaintiff) is proceeding pro se and has been granted in forma pauperis (IFP) status. A hearing was held on September 9, 2020 pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). (R. Doc. 5; R. Doc. 6). Despite the Order requiring appearance being issued more than two weeks before the hearing, Plaintiff failed to appear as ordered. (R. Doc. 6).

**I.    Background**

In her Complaint and associated documents, Plaintiff alleges that she was a teacher within the St. Helena School District, at the St. Helena College and Career Academy. (R. Doc. 1 at 3). Plaintiff's allegations appear to focus on a reprimand she received on March 25, 2019 due to issues the principal had with her classroom performance, dismissal procedures, and student grades. (R. Doc. 1 at 3). Specifically, Plaintiff suggests that she was subject to an accusation of inappropriate contact with a student, but that on both occasions, she was physically threatened by a student and merely put her hands up in defense. (R. Doc. 1 at 3). Plaintiff also alleges that she received inadequate supplies and mentorship, that she was not paid all of her wages, and that her termination was backdated. (R. Doc. 1 at 3). When prompted for the legal basis of her claims in federal court, Plaintiff cites La. R.S. (R. Doc. 1 at 1).

**II.     Law and Analysis**

    **A.     Legal Standard**

District courts must construe the IFP complaints of pro se plaintiffs liberally. Nonetheless, even the most liberally construed IFP complaint can be dismissed at any time, regardless of service or the filing of an answer, if the Court determines the case:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim; or

    (iii)    seeks monetary relief against an immune defendant.

28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous "if it lacks an arguable basis in law or fact," *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994), while the determination of whether a complaint fails to state a claim is made by applying the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003) (dismissal of IFP complaint for failure to state a claim employs Rule 12(b)(6) standard).

Section 1915(e)(2)(B) "accords judges . . . the authority to dismiss a claim based on an indisputably meritless legal theory," *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), "such as if the complaint alleges the violation of a legal interest which clearly does not exist," *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).  A legally deficient IFP complaint that fails to state a claim on which relief can be granted may be dismissed on the court's own initiative at any time. *See* 28 U.S.C. § 1915(e)(2)(B).

    **B.     Analysis**

For the reasons that follow, the Court recommends that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction. Even were the Court to have subject matter

jurisdiction, Plaintiff has failed to state a claim under Title VII, the Americans with Disabilities Act ("ADA"), or the Age Discrimination in Employment Act ("ADEA") as she has not alleged a basis for any discrimination.

Federal courts are courts of limited jurisdiction and have original subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law." *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)). Here, as noted above, when prompted for the legal basis for her claims, Plaintiff cites La. R.S. 17:416.18 and 23:632. (R. Doc. 1 at 1).

The provisions cited by Plaintiff for her requested relief are Louisiana state law provisions pursuant to the Louisiana Teacher Bill of Rights and employer liability for failure to pay. Where a plaintiff's brings claims solely under state law, and there is no diversity of citizenship between the parties, the court lacks subject matter jurisdiction, and the action should be dismissed without prejudice. In *Styles v. Texas Attorney Gen.*, 2018 WL 6930106, at *2 (N.D. Tex. Sept. 17, 2018), for example, the court stated, "[b]ecause Plaintiff's claims arise solely under state law, and she has not pled a federal cause of action or established the existence of diversity jurisdiction under 28 U.S.C. § 1332, the Court lacks subject matter jurisdiction over her claims."

The same is true here. Plaintiff brings claims solely under state law, specifically La. R.S. R.S. 17:416.18 and 23:632, for compensatory and punitive damages. (R. Doc. 1 at 2). She alleges no violations of federal law nor seeks any relief pursuant to federal law. Further, the only named Defendant is the St. Helena School District, such that diversity is also not present. Accordingly,

there is no federal subject matter jurisdiction and Plaintiff's claims should be dismissed without prejudice so that Plaintiff may re-file her claims in an appropriate state court.

Even were the Court to somehow construe Plaintiff's Complaint to raise a question of federal law under the ADA or Title VII, she has failed to state a claim as she has not alleged any basis for discrimination. Plaintiff attaches a Dismissal and Notice of Rights from the Louisiana Commission on Human Rights dated March 25, 2020. (R. Doc. 1 at 4). The Dismissal and Notice of Rights provides Plaintiff information regarding her right to sue pursuant to Title VII, the ADA, or the ADEA. (R. Doc. 1 at 4).

Necessary to any claim for discrimination, whether it be pursuant to Title VII, the ADA, or the ADEA, is an allegation that the plaintiff belongs to the class of people those provisions are intended to protect, i.e. a protected class, a disability, or age, respectively. Plaintiff has made no such allegation here. More specifically, Plaintiff makes no allegation of her race, color, religion, sex, or national origin for purposes of Title VII, no allegation of any disability for purposes of the ADA, nor any allegation of age for purposes of the ADEA. Thus, to the extent that Plaintiff would have brought any claims under federal law, she fails to state a claim because she has not alleged herself to be a member of any of the classes of persons for which Title VII, the ADA, or the ADEA would protect.

Even assuming Plaintiff is a member of any of the classes of persons so protected, she has not alleged any discrimination on such basis. Plaintiff failed to appear in Court to address any of these deficiencies.

### III. Recommendation

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Complaint (R. Doc. 1) be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motions to Proceed In Forma Pauperis (R. Docs. 2 and 4) be **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on September 22, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**